### Burton v. Lawrence.

Note 80.—Hopkins v. Donaho, *ante,* 336.

### Burton v. Lawrence.

Where the judgment recited that "the defendants, by leave of the court, withdrew their pleas, and say they cannot deny the plaintiff's cause of action against them for debt and interest in plaintiff's petition claimed:" *Held,* That it was in effect a confession of judgment for a sum certain to be ascertained simply by reference to the petition, without the necessity of a jury to ascertain the indebtedness. (Note 81.)

Error from Houston. This suit was brought by the defendant [**374**] in error against the plaintiff in error and others upon a bond in the penal sum of $5,600, conditioned for the delivery of certain slaves, the payment of their hire, and the incurring of other expenses in furnishing clothing for the slaves and paying taxes upon them, &c. The breach assigned was the non-payment of the hire of the negroes, alleged to be of the value of $214.90, and the non-payment of taxes upon them, amounting to $7.90, which sums the plaintiff alleged were unpaid, with the exception of $85, the receipt of which was acknowledged.

At the Fall Term, 1848, two of the defendants, Burton and Hall, answered, and judgment by default was taken against the other defendant. Afterwards, at the Spring Term, 1849, the defendants Hall and Burton withdrew their answer, and a final judgment was rendered against all the defendants for $134.47. The defendant Burton brought a writ of error.

*Thomas J. Jennings,* for plaintiff in error. The error relied on is in giving judgment without ascertaining the amount, either by agreement, confession, writ of inquiry, or in any other legal way.

*S. A. Miller,* for defendant in error. The record shows that the defendants withdrew their defense, which, though not technically, yet in effect, is a confession of judgment. (Cartwright *v.* Roff, 1 Tex. R., 78.) The defendant in error suggests delay.

WHEELER, J. The error assigned is that the court gave judgment against the plaintiff in error without the finding of a jury.

In the case of Cartwright *v.* Roff (1 Tex. R., 78) it was decided that a with-

drawal of the answer by the defendant [375] and a judgment by *nil dicit* is equivalent to a confession of judgment.

The judgment in this case recites that "the defendants, by leave of the court, withdrew their pleas, and say that they cannot deny the plaintiff's cause of action against them for debt and interest, in plaintiff's petition claimed," &c.

Regarding this as in effect a confession of judgment for a sum certain, to be ascertained simply by reference to the petition, there could be no necessity of a jury to ascertain the amount of indebtedness. This was ascertained by the confession of the defendant.

The case cannot be distinguished in principle from that of Cartwright *v.* Roff.

Judgment affirmed.

NOTE 81.—Wheeler *v.* Pope, 5 T., 262; Little *v.* Crittenden, 10 T., 192; Townson *v.* Moore, 13 T., 36; Story *v.* Nichols, 22 T., 87; Garner *v.* Burleson, 26 T., 318; Goss *v.* Pilgrim, 28 T., 263.