IIhmpiiiIiL, On. J.
The appellee, Thomas J. Carl, having recovered judgment against Alinazón Ilusión and James Perkins, execution was issued and levied upon a negro woman named Amy. as the property of the said Alniazon ilusión. The wife, of llie, said Alniazon, viz., Elizabeth Huston, the appellant, (.laimed ihe. said slave as her separate properly, and Hied the affidavit and bond required by the statute establishing the method of trying the right of property levied on under execution, &c., art. 2814. Her claim to the property is dis *121 tinctly, iu the affidavit and bond, placed on the ground that the said slave is her own property, separate and apart from that of her husband. An issue was, in accordance with the statute, directed to be framed. The plaintiff Curl’s averment is not very intelligible or precisely descriptive of tiie right under which the defendant iu execution (the said Ahnazon) holds and owns the said properly. It is alleged, however, that tiie said slave is subject to the said execution, ami that she' was levied upon as his (tiie defendant’s) property, and in tiie joint possession of himself and wife. Tiie claimant, the said Elizabeth, in response, denies that tiie woman is tiie property of A. I-Iuston; avers that she is and was.at the time of tiie levy her own property, and as such held separate and apart from tier husband. On tiie trial tiie jury found the property t.o belong to tiie community and subject to tiie execution. The claimant moved for a new trial, which was overruled, and she appealed.
It appeared in the progress of the trial that tiie said Almazon and Elizabeth had been known as man and wife for the last fifteen years; that tiie said slave was purchased in December, 1848, and the bill of sale taken in the name of the said Elizabeth Huston. There was evidence that one of tiie witnesses had, for several years prior to the purchase of said slave,'liad money to loan out at interest for the said Elizabeth, and which was claimed by her as her separate funds, amounting-at the time of the purchase to the sum of four hundred dollars ; that the price of the woman was four hnndred and fifty dollars, and that this was partly paid by a post-office draft for $440, purchased by tiie said Elizabeth, and by ten dollars advanced by her, but there was no evidence as to tiie source from which she derived the said sum of four hundred dollars so claimed by her in her separate right.
The judge charged that if said slave was purchased by said Elizabeth during her marriage, the' presumption was that the purchase was made with the common funds of tiie husband and wife; but if the jury were satisfied that the money paid was the result of the sale of property devised lo her, then tiie slave was her separate property and not subject to the said execution, and that the presumption, in tiie absence of proof to the contrary, was that tiie debt for tile payment of which tiie slave was levied upon was a community debt.
Tiie propositions embraced in this charge, with tiie exception of tiie last, were not disputed by the counsel for the appellant, and it seems that this last, which was tiie subject of discussion, is immaterial to and extrinsic of the issue between tiie parties. The only question to he determined upon the issue was whether tiie property belonged to (.lie said Elizabeth in her separate right or not. If she failed to establish tiie affirmative of tills issue, her claim, as urged by her, was defective, and could interpose no bar to tiie operation of the execution. Ho question is presented by tiie issue as to whether tiie execution could be rightfully levied upon community property or not. Her interest in the property as a part of tiie common stock is not the foundation of her claim. It is based upon her sole, separate, and exclusive right, and to this tiie inquiry is confined; and if her right as set up be not sustained the controversy is at end, and judgment must necessarily be entered against the claimant. An inquiry as to the possibility of tlic property being exempt on other grounds from tiie execution is not authorized; and whether the charge of the court be right or wrong on tills extraneous inquiry tiie verdict cannot he affected, provided it lie sustained on grounds otherwise sufficient.
There is no error in the propositions contained in the first two charges. It is tiie settled doctrine and law that property purchased during the marriage, whether the conveyance be made to tiie husband or wife separately or to them jointly, is presumed to belong to tiie community. This presumption may be rebutted by clear ami satisfactory proof that the purchase was made with the separate funds of either husband or wife, in which case it remains tiie separate property of the party wiiose money was employed in the acquisition. (Scott & Solomon v, Magnard et ux., Dallam, 548; McIntyre v. Chappell, 4 Tex. R., 187; Love and Wife v. Robertson, 7 Tex. R.)
The claimant having failed to prove that the purchase of the slave was made
' *122 with hoi* separate funds, we are of opinion that there was no error in the judgment, and it is ordered that the same he affirmed.
Norn 57. — Where the separate property of the wife has undergone mutations, it is indispensable. in order to maintain its separate character, that it be clearly and indisputably tiaced and identified. (Chapman v. Allen, 15 T., 278.)
Judgment affirmed.