## WILLIAM T. GAMBLE v. JAMES L. DABNEY AND OTHERS.

The possession of the wife's separate property by the husband is not such a possession as, after a continuance of three years, without record of the title of the real owner, raises a presumption under the statute, (Hart. Dig. Art. 1452,) in favor of creditors and purchasers, that the absolute property is with the possession.   In this case the husband and wife lived together.

Where slaves were conveyed to trustees in trust out of the rents, issues and profits (the deed included land and other personal property) to provide for, support and maintain the grantor's daughter, and her two children, and any children she might afterwards bear unto her present or any future husband, free from any control of her present or any future husband, and from any liability on his account, during the natural life of the grantor's said daughter, and after her death to and for the sole use, benefit and behoof of her children then living, &c.; it was held that the interest of the wife was not subject to be taken in execution on a judgment against her, although it might be that the creditor would be entitled to an equitable remedy in such case, to subject the *surplus* proceeds of the rents, issues and profits, if any, to the satisfaction of his debt.

A Court of Equity will not permit a trust to be defeated for want of a trustee to execute it; and if the original trustees refuse, or neglect to act, it will appoint new trustees.

Appeal from Bastrop.    Tried below before the Hon. Thomas H. DuVal.

Suit by James L. Dabney, Elizabeth W. Dabney, Susan E. Kimbrough, formerly Susan E. Dabney, now wife of Thomas T. Kimbrough, (citizens of Morehouse Parish, Louisiana, who joins with her said husband in this action,) James H. Dabney, George R. Dabney, Margaret E. Nash, formerly Dabney, and her husband John Nash, Thomas W. Dabney, Lelia A. Dabney, Charles F. Dabney, Laura L. Dabney and Dangerfield L. Dabney, children of the said Elizabeth W. Dabney and her husband, the said James L. Dabney, the last six of whom are minors, all citizens of Bastrop county, State of Texas, against William T. Gamble, of same place, to enjoin the sale of a slave Ann, levied on by virtue of an execution in favor of the defendant against the said James L. Dabney and Elizabeth E. Dabney.   The case was sub-

mitted to the Court, without a jury, on the following agreed statement of facts:—

That in the year 1853, plaintiffs James L. Dabney and his wife Elizabeth W., emigrated from the State of Arkansas to Texas, and in January, 1854, settled in Bastrop county, bringing with them their family of children, the negro girl named Ann upon which the execution in favor of defendant Gamble and against said Dabney and wife was levied, and all the other negroes mentioned in plaintiffs' petition. Dabney and wife brought no other property, subject to forced sale, but the negroes and a few horses, wagon, and travelling chaise, all which, except said negroes, they disposed of soon after arriving at Bastrop. Dabney and wife had and held possession of all of said negroes from the time of their coming to Bastrop till the suing out of this injunction, exercising all acts of ownership and control over them as their own property, and, upon the faith of said negroes, contracted debts with several of the merchants of the town of Bastrop, among them that of defendant Gamble; that Gamble had no notice or knowledge of the existence of the deed of trust set out by plaintiffs in their petition and amended petition, prior to the suing out of the injunction in this case. The deed of trust is admitted to be genuine, and read in evidence by consent, together with the certificate of registration of the same in the States of Mississippi and Arkansas; and it is also admitted that the negroes conveyed by said deed of trust are the same, with their increase, mentioned in plaintiffs' petition; that Dabney and wife had possession of these negroes in Mississippi and Arkansas, and that the trustees named in said deed protected the negroes against James L. Dabney's debts in Mississippi. Neither of the trustees named in the deed of trust followed said negroes to Texas, nor has any one acting by substitution under said deed, taken or claimed any authority over said negroes since they were brought to Texas. The defendant Gamble recovered a judgment at the Spring Term, 1855, of the District Court of Bastrop county, against said James L. Dabney and his wife Elizabeth, for the sum of one hundred and twelve dollars and      cents, and his costs, for goods, wares, and merchandise sold by him to them; and execution, in default of community property of said Dabney and wife, was awarded to Gamble against the separate property of Mrs. Dabney; which execution was levied on the negro girl named Ann. It is admitted that said Dabney and wife are not known, nor were they at the time of the levy of said execution,

possessed of any property subject to forced sale, except the said negroes.

The negroes mentioned in the petition were as follows: Giles, a man, about thirty-nine years of age; Mariah, a woman, about thirty-three years of age, and her three children, Ann, a girl, aged twelve years, Jenny, a girl, aged nine years, and an infant boy, Alfred; also a woman named Juda, about thirty-three years of age, and her four children, to wit: Lucy, Amanda, Mary, and an infant girl, Lina.

The deed of trust, referred to, was as follows:—

The State of Mississippi, Noxubee county. This indenture, made this 25th October, in the year of our Lord one thousand eight hundred and thirty-five, between Henry C. Dade, the elder, of the county and State aforesaid, of the one part, and Robert F. Dade, and Henry C. Dade, the younger, sons of Henry C. Dade, the elder, of the other part, both of the city of Mobile, and State of Alabama, witnesseth, that the said Henry C. Dade, the elder, for and in consideration of the care, love, and affection, which he hath and beareth unto his lawful daughter, Elizabeth W. Dabney and her two children, Susan Ellen Dabney and James Henry Dabney, and to make full, sure and sufficient provision of support and maintenance for her the said Elizabeth W. Dabney and her two children, Susan Ellen and James Henry Dabney; and as well also, each and every the other children or child, the lawful issue of her body, which she may bear unto her present and any future husband by her to be taken; and for divers other good causes and considerations, and for and in consideration of the sum of five dollars to the said Henry C. Dade, the elder, in hand paid by the said Robert F. Dade, and Henry C. Dade, the younger, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, released, conveyed, transferred and confirmed, and by these presents doth grant, bargain, sell, alien, release, convey, transfer and confirm unto the said Robert F. Dade and Henry C. Dade, the younger, full and all his right, title, interest, claim and demand, to a certain tract, parcel or piece of land being, &c. [Here followed a description of a quarter section of land in the State of Mississippi.] And for the considerations aforesaid the said Henry C. Dade, the elder, hath bargained and sold, and doth by these presents, bargain, sell, and in overt market deliver unto the said Robert F. Dade and Henry C. Dade, the younger, all and singular the several negro slaves following,

to wit: One negro boy slave named Giles, about nineteen years of age, one negro girl slave named Mariah, one negro girl slave named Inda, each about thirteen years of age, and also the several following articles of personal property, to wit: [Here followed a description of certain personal property, including some household furniture, and words to include the increase of said slaves in the conveyance.] In trust nevertheless, and to and for the several uses, intents and purposes hereinafter expressed of and concerning the same; that is to say, in trust out of the rents, issues and profits of the said premises, real and personal, herein and hereby conveyed, or intended so to be, or out of the proceeds of the sale of any or parts thereof (the negro slaves above named excepted as herein provided) to provide for, support, and maintain the said Elizabeth W. Dabney and her two said lawful children, Susan Ellen Dabney and James Henry Dabney, as well as also, any, all and every, her future lawful child or children, issue of her body, which she may bear unto her present or any future lawful husband whom she may have, the same as if he, she or they, the said child or children, issue as aforesaid, were now born, in being, living, and herein particularly named, for and during and to the full end and term of the natural life of the said Elizabeth W. Dabney, and school and educate each, all and every, the said two children, Susan Ellen Dabney and James Henry Dabney, lawful issue of her body, and as well also, each, all and every the child or children, lawful issue of her body, which she may bear unto her present and any future husband by her to be taken as aforesaid; without the said premises, real and personal, herein and hereby conveyed or intended so to be, or the said rents, issues, profits or proceeds of the sale as aforesaid, of the same, or any part or parts, parcel or parcels thereof, being in any manner applied, liable for or subject to any, or any part of the debts, contracts, liabilities or claims, of what nature or kind soever, or the control or management of the present husband of the said Elizabeth W. Dabney, or any future husband she may have; in trust from and after the death of the said Elizabeth W. Dabney, should she have any child or children, lawful issue of her body, living at the time of her death; to and for the sole use, benefit and behoof of the said child or children, lawful issue of her body, living at the time of her death: if one of them, to that one absolutely and forever, and to his or her heirs and assigns; and if more than one, then to them, their heirs and assigns forever as tenants in common. And if before the death of the said Eliza-

beth W. Dabney, her child or children, all or any, or either of them, lawful issue of her body, shall have married and died, leaving at the time of his, her or their death, lawful issue of his or their body or bodies, living at the time of his, her or their death, then and in that case, in trust that such lawful issue of his, her or their body or bodies of him, her or them, so dying as aforesaid, have, take and receive the same share or shares in the property herein and hereby conveyed, or intended so to be, as his, her or their parent or parents, would, if living, have had, taken and received to him, her or them, to his, her or their assigns, share and share alike, absolutely and forever, as tenants in common. And further, in case, when and so often as the estates and interests herein limited, shall respectively end and determine, and as to such part or parts of the said premises, real and personal, as shall be, and should the said Elizabeth W. Dabney die, leaving no child or children, lawful issue of her body, or child or children, lawful issue of the body or bodies of such child or children, lawful issue of the body of the said Elizabeth W. Dabney, living at the time of the death of the said Elizabeth W. Dabney, or in case the said Elizabeth W. Dabney should die, leaving at the time of her death, a child or children, lawful issue of her body, living, and such, her child or children, lawful issue of her body, all and every of him or them should die, leaving no lawful issue of his, her or their bodies or body, living at the time of his, her or their death, then and in either case, in trust to and for the sole use, benefit and behoof of the right heirs, being the next of kin, by blood, of the said Elizabeth W. Dabney, to be divided among those in equal degree, share and share alike, children taking the part or parts in like shares to which their parent or parents would be entitled if living, as tenants in common, freed and discharged from all other trusts. [Here followed power to the trustees to substitute other trustees in their stead, in which case the former should be discharged.] And full power and authority are hereby given to the said Robert F. Dade and Henry C. Dade, the younger, or their successors or successor, as trustee or trustees as aforesaid, to sell, convey and dispose of all or any part and parts of the said premises, real and personal, herein and hereby granted and conveyed, or intended so to be, excepting, saving and reserving therefrom, the said three negroes, Giles, Mariah and Inda, together with the issue of said Mariah and Inda, and of each of them, at public or private sale, or in any way and manner and for any length of time,

Gamble v. Dabney.

as may be thought by them or the successor of them, or his or their successor or successors, most advantageous, and the proceeds thence arising to invest, and the same again to sell, convey and dispose of, when and as often as they, the said Robert F. Dade and Henry C. Dade, the younger, or the survivor of them, or his or their successor or successors, as trustee or trustees, as aforesaid, shall think most beneficial and advantageous; and the rents, issues and profits of the said premises, real and personal, herein and hereby conveyed, over and above what may be requisite and necessary for the support, maintenance and education of said Elizabeth W. Dabney and her said children or child, lawful issue of her body, herein above named, mentioned or included, or intended so to be, for and during the natural life of the said Elizabeth W. Dabney, from time to time and at all times, during the continuance of this trust, to invest and sell, convey and dispose, and the proceeds thereon arising, to reinvest and again sell, convey and dispose of, when and so often as they or the survivor of them, his or their successor or successors, as trustees or trustee as aforesaid, shall think most beneficial and advantageous, subject always nevertheless, and to and for the same uses, intent and purposes hereinbefore expressed and declared of and concerning the same. (Signed and sealed, &c., by the grantor and the trustees named.)

The Court gave judgment for the plaintiffs, and appointed a trustee to execute the trust, a prayer for such appointment having been made in the petition.

*Hancock & West*, for appellant. It may well be questioned if the deed of trust does not come within the denunciations of the Constitution, Art. 1st, Sec. 18th; but the question will not be pressed, as it is believed that the judgment can be reversed on other grounds.

The deed was never recorded in Bastrop county. It is admitted that the appellant had no notice of the existence of the deed, that the appellees had possession of the property and the debts were contracted on the faith of this property, and upon every principle of justice it should be subjected to the payment of the debt, which was for necessaries furnished the family. If the rights of the other *cestui que trusts* are affected, the fault is with the trustees, whose duty it was to have controlled the property and discharged the trusts they had assumed; and they are liable for any loss that may be occasioned by their neglect; but the

appellant, having no notice of the trust, cannot be affected by it. (Cravens v. Booth, 8 Tex. R. 243; Story on Agency, Sec. 93 and 227.)

Again; it is perfectly clear from the deed, that Mrs. Dabney had a life estate in the property, and her interest in the property could be subjected to the payment of debts contracted by herself for her own benefit and for the benefit of the *cestui que trusts,* her children.

The attention of the Court is invited to the following authorities, upon which it is believed the judgment should be reversed: Planters' Bank v. Henderson, 4 Humph. 75; McIntosh v. Walker, 17 Ala. 20; Clarke v. Windham, 12 Id. 798; Eastland v. Jordan, 3 Bibb, 186; Jones v. Langhorne, 3 Id. 453.

*J. A. & R. Green,* for appellees. The first point presented is the failure of the appellees to re-record the trust deed in Texas. This is settled by Parks v. Willard, 1 Tex. R. 350; Edrington v. Mayfield, 5 Id. 343. Also by Art. 1452 Hart. Dig., which gives the creditor a right to seize property which has been in possession of the debtor for three years under a loan or limitation to uses, without recording the evidence of such loan or limitation. As three years had not elapsed when this suit was brought, from the time of Dabney's arrival in Texas, the penalty of the statute was not claimed. Even were it necessary to re-record, this statute gives three years in which to have it done.

The question of the liability of trust property for debts of the beneficiaries, has been much discussed. It may be conceded that in Texas an equitable title to property is subject to levy. A mere usufructuary interest is not, however, subject to levy. It is inalienable. (4 Kent, 311, note.) The interest of Mrs. Dabney in this property is what is styled in the case of Benton v. Pope, (5 Humph. 392,) an "equitable usufruct," "available for no purpose whatever" to the creditor.

Where, as in this case, the trustee is vested with the absolute title, out of the rents and profits to support and maintain the daughter of the grantor and her children, the rents and profits can only be reached by the creditor of the beneficiaries by a bill in equity. (Dick v. Pitchford, 1 Dev. & Bat. 480; Harrison v. Battle, 1 Dev. Eq. 541; Donald v. Plumb, 8 Conn. 447.)

If in such case the creditor appeals to a Court of Equity for relief, he will first be compelled to make a provision for the wife and children out of the fund. (Ex parte Beresford, 1 De Sausure,

268.) The creditors of the beneficiaries, in such a trust as the present case presents, can only reach the proceeds of the trust fund where there is a surplus income beyond the object of the trust. (4 Kent, 311, note, citing the case of Clube v. Bool, 8 Paige, 83, which covers the precise point.)

ROBERTS, J. So far as this case involves the right of a creditor of the husband, who was one of the defendants in the judgment, the question is fully settled in favor of appellees, by the cases of Parks v. Willard, (1 Tex. R. 350,) Edrington v. Mayfield, (5 Id. 363;) and by the case of The Bank of the U. S. v. Lee et al. (13 Peters, R. 107,) even had the property levied on been in the county of Bastrop three years without the deed of trust being recorded. If the wife, Mrs. Dabney, had held an absolute, separate interest in the property, fully vested in her by the deed, it would not, under the circumstances, be liable for the debts of her husband.

The judgment in favor of appellant being against both husband and wife, the question arises whether or not this property may be subject to be levied on by this execution in satisfaction of her debt.

The deed conveys the legal interest to the trustees, with a power of disposition as to all the property except the slaves and their increase. It gives Mrs. Dabney a usufructuary interest, jointly with her children, during her life, separate and apart from the power of her husband; and at her death it vests the remainder of the property in her children then living. From the nature of the gift her interest is varying and indeterminate, according to the exigencies of her own condition and that of her children. It was obviously the intention of the donor to restrict the slaves from alienation, until they should vest absolutely in the children. Under such a deed her interest in the slaves is not only secured against the debts of the husband, but also against the levy of this execution to satisfy her own and her husband's debt. Because the deed expressly stipulates that her interest is to be enjoyed by her, and shall not be liable to pay the debts of the husband. (Hill on Trustees, 611.) Because the deed expressly provides that the trustees shall sell any of the trust property except the slaves, which raises a conclusive implication, taken in connection with the other provisions, that the slaves should not be sold during the existence of the trust. (Hill on Trustees, 614; Benton v. Pope et als. 5 Humph. 392.)

Again; if her interest in the use of the property were sold, so uncertain and indeterminable is its character, that the objects of the trust would be greatly interfered with if not defeated.

It may be that appellant might have been able to show himself to have been entitled to an equitable remedy for the purpose of subjecting the surplus proceeds of the property, if any, to the satisfaction of his debt. But he cannot do so by a sale under his execution, as attempted in this case. (1 Devereux's Eq. R. 541, Harrison v. Battle Hunt *et als.*)

The only remaining point is, the appointment of a trustee made by the Court below.

A Court of Equity will not permit a trust to be defeated for want of a trustee to execute it; and if the original trustees refuse, decline, or neglect to act, it will, as it has the power to do, appoint new trustees. (King v. Donnelly, 5 Paige, 46; Hill on Trustees, 274.)

We are of opinion the Court below decided correctly upon the facts presented in the case, and therefore the judgment is affirmed.

Judgment affirmed.