F. M. KENDRICK, GUARDIAN, &C., v. TAYLOR & HART.

A verbal sale, exchange or gift of personal property by a husband to his wife, if made in good faith, with a well defined intention and purpose, and free from coercion, importunity, or other undue influence, is valid as against subsequent creditors of the husband; and no written acknowledgment of such a gift is necessary.

But such transactions between a husband and wife will be subjected by the courts to the most rigid scrutiny; and they will not be sustained unless upon the clearest proof of their validity.

In this case it is admitted that there was an exchange of negroes between a husband and wife by verbal sale and delivery, and that each received from the other the property given in exchange: *Held*, that this admission imports that the transaction was, in all respects, a valid exchange or sale of the property.

The negro so received by the wife was not liable for debts of the husband contracted by him subsequent to the exchange; and the silence of the wife respecting her title to the negro could operate no forfeiture of her rights.

The husband having survived the wife, such life estate as by her death he acquired in the negro was liable to execution for his debts; and his bill of sale, made after the lien attached, could not deprive the judgment creditor of his right to subject such interest to the payment of the judgment.

---

---

APPEAL from Cherokee.　Tried below before the Hon. R. A. Reeves.

Trial of the right of property in a negro man named Emanuel, levied on by virtue of an execution in favor of Taylor & Hart, appellees, as the property of James T. Bloomfield, defendant in execution.

The appellant, Kendrick, claimed the negro as the property of his wards, the children of Sarah Jane Bloomfield, the deceased wife of said James T. Bloomfield.　Sarah J. Bloomfield died in January, 1855.　The debt from James T. Bloomfield to Taylor & Hart was contracted on the 5th of April, 1854; the judgment in their favor was rendered on the 19th of September, 1856; their execution was levied on the negro on the 21st of December, 1858.

On the 24th of December, 1856, James T. Bloomfield, by deed or bill of sale, conveyed the negro in controversy to his minor children, the wards of the appellant, "in consideration of one thousand dollars, the proceeds of sale of a certain negro woman named Ann and her child Eliza, the separate property of my deceased wife Sarah Jane Bloomfield, which slaves I sold, and appropriated the proceeds thereof to my own separate use, under an agreement and understanding with my said wife that I should repay the same to her in a certain negro man that I then had and now have, named Emanuel."

It was admitted in the agreed statement of facts that the negro remained in the joint possession of James T. Bloomfield and his wife, up to the death of the latter, she claiming him as her property; and that since her death, and until the levy, the negro remained with the said James T. Bloomfield, the minor heirs also remaining with him.

All other of the facts appear in the opinion.

A jury was waived in the court below, and judgment rendered in favor of the appellees.　A motion for a new trial was made and overruled.

The claimant appealed, and assigned for error that the court below erred in rendering judgment for the plaintiffs in execution, and in other respects.

Kendrick v. Taylor.

*Bonner & Bonner*, for the appellant.

*Donley & Anderson*, for the appellees.—To hold that the facts in this case will sustain a conveyance of her property by a married woman, is to abrogate the statute requiring a privy examination of a married woman. If there was no examination, and the conveyance was inoperative for the want of it, the title of the woman did not pass from Mrs. Bloomfield to J. T. Bloomfield; he acquired nothing by the exchange, and his vendee has no title; and he, Bloomfield, is liable, if warranty of title was given to the party purchasing from him, or if not, for fraud. If title did not pass from Mrs. Bloomfield, for want of an examination, it remained in her, and descended to her heirs, where now it rests. Title to property cannot remain in abeyance; it must of necessity vest somewhere; at all times it must be in some party; and in this case we submit that the title to the negroes remained as it was at the decease of Mrs. Bloomfield; and if it was vested in her at her death, it descended to and vested in her children, where it must remain until they become of age to bind themselves, and shall, in fact, make a conveyance, or by some proceeding the title shall be divested out of them. Nothing of this kind is pretended to have been done. It is submitted by appellant that if the exchange of slaves between Mr. and Mrs. Bloomfield was not in fact strictly legal, and binding upon her, that Bloomfield in fact, by the sale of the negro woman and child of Mrs. Bloomfield, and receipt of the purchase money, became indebted to Mrs. Bloomfield; and if the exchange of slaves was not strictly legal and binding, that the appellants were entitled to receive of J. T. Bloomfield, payment for the negro woman and child sold by him. It is contended that there is no lien attaching in favor of the plaintiff, until levy; and until that is done, J. T. Bloomfield had a right to sell the boy Emanuel to the heirs of Mrs. B., in payment of the debt owing on account of having sold the negroes of Mrs. Bloomfield and received pay for them; and that in the exercise of that right Bloomfield did, on the 24th day of December, 1856, convey to said minor heirs said negro man in controversy, in payment of the debt owing by him for said woman and child.

BELL, J.—We are of opinion that there is error in the judgment of the court below, for which the said judgment must be reversed. In the statement of facts agreed upon by the parties, it is shown that the negro man Emanuel was the separate property of James T. Bloomfield, and that his wife, Sarah Jane Bloomfield, owned as her separate property a negro woman and child; that about the year 1850 or 1851, the said James T. and the said Sarah Jane exchanged their said negroes by verbal sale and delivery—the said James T. receiving the said negro woman and child from the said Sarah Jane, and she, in exchange therefor, receiving said boy Emanuel. It is shown that James T. Bloomfield, after the exchange, sold the woman and child as his own property. It is also shown that the exchange between the said James T. Bloomfield and his wife took place long before the creation of the debt which the appellees are seeking to collect.

In the case of Bradshaw v. Mayfield, (18 Tex., 21,) it was held by this court that a verbal sale of a negro by the husband to the wife was valid between the parties and their representatives. It was said in that case that "verbal sales and gifts between husband and wife ought not to be admitted unless on clear and satisfactory proof that the property was divested out of the vendor or donor and vested in the vendee or donee;" but by this it was not meant that the wife could not vest title in the husband without writing an acknowledgment in due form of law; because to require that would be a contradiction of the proposition that a verbal sale by the wife to the husband could be sustained upon any kind of proof. We are of opinion that such transactions between husband and wife as are admitted to have taken place between James T. and Sarah Jane Bloomfield ought always to be subjected to the most rigid scrutiny by the courts; and we would not be inclined to sustain a verbal sale or exchange or gift between husband and wife, except upon the clearest proof that the parties acted in good faith, with a well defined intention and purpose, and that the transaction was free from coercion, importunity or undue influence of any kind. In the present case it is admitted that there was "an exchange by verbal sale and delivery," and that each received from the other the property given in exchange. This must be held

to be an admission that the transaction was real—was in good faith —was, in fact, a valid exchange or sale of property. It is shown by the statement of facts in this case, that the exchange of property between James T. and Sarah Jane Bloomfield took place more than three years before the debt to the appellees was created; and we think it clear, the title of the slave Emanuel having vested in the wife by virtue of the exchange, that upon the principles laid down by this court in the cases of Parks v. Willard, and Edrington v. Mayfield, the subsequent creditors of the husband can have no pretence for subjecting this property to the payment of their debts. A bill of sale was not necessary to pass the title to the slave; nor could the silence of the wife (though it is not shown that she was silent,) respecting her title, work any forfeiture of her rights.

It is shown that James T. Bloomfield survived his wife Sarah Jane. He therefore became entitled, upon her death, to a life estate in one-third of the slave Emanuel, and his subsequent bill of sale to his children cannot deprive his creditors of their right to subject that interest to the payment (*pro tanto*) of their debts. The appellees do not ask this court, in the event of a reversal of the judgment upon the ground that the slave Emanuel is shown to have been the property of Mrs. Sarah Jane Bloomfield, to make a decree subjecting the interest of James T. Bloomfield in the slave to the payment of their debt; but that this may be done, if it is desired, and as the interest of all parties can perhaps be better promoted by remanding the case to the District Court for that purpose, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.