## DODD & CO. v. B. D. ARNOLD.

It is error for the court below to charge the jury upon a supposed state of facts, as to which there is no allegation in the pleadings or evidence before the jury. (Paschal's Dig., Art. 1464, Note 562.)

The good faith of a purchaser cannot invest him with the title to property, if his vendor had no title to it.

7—XXVIII.

APPEAL from McLennan.  The case was tried before Hon. N. W. BATTLE, one of the district judges.

In October, 1858, John Dodd and E. V. Shackleford, keepers of a livery stable in Hempstead, under their partnership name of Dodd & Co., hired a buggy, mule, and harness to two strangers, who called themselves Merchant and brother, or Wilson and brother, for the purpose of conveying them to Belton.  These men went to Waco, and there sold the buggy, mule, and harness to Arnold, the appellee, who was admitted to be an "innocent purchaser, for a valuable consideration paid therefor, without any notice of a defect of title."

This suit was instituted by Dodd & Co. against Arnold on the 1st of December, 1858, for the recovery of the property, or for its value, which was alleged to be $375.

Neither in the pleadings of the defendant nor in the evidence at the trial was there any pretence that Dodd & Co. had sold or in any manner transferred to Merchant and brother a title to the property.  But the defendant answered a general denial, and also answered specially that the plaintiffs, at the time of the hiring, obtained from Merchant and brother security for the return of the property, by the deposit of a receipt or draft.  There was evidence of admissions by Dodd that he had received as such security a receipt of certain merchants at Huntsville for a draft transferred to them by Merchant and brother, but that the draft proved to be a forgery, and the security was therefore worthless.

At the fall term, 1859, the plaintiffs obtained a verdict and judgment for $165, but on their motion a new trial was granted.

The case came to trial a second time at the fall term, 1860, when the court instructed the jury as follows: "The court instructs the jury, that if they believe from the testimony that Dodd & Co. placed the buggy and horse in the possession of Merchant and brother with the intent that

the property should pass to Merchant and brother in the event they should not re-deliver the property to them, reserving collateral security, and that Merchant and brother sold the property to the defendant for a fair price, without notice of Dodd & Co.'s claim, then the court charges that B. D. Arnold is a *bona fide* purchaser, and will hold the property in preference to the original owners, and the fact that the original owners were defrauded will not impair the rights of Arnold.

"The reason is, that the original owners, by putting their horse and buggy in the hands of the fraudulent vendees, had reposed confidence in them, and enabled them to commit a fraud. Therefore, the equity of the original owners is not equal to that of the person who has *bona fide* parted with his money or property in the purchase from the fraudulent vendees. The original vendors, by their imprudence, enabled the fraudulent vendors to defraud some one, and should themselves be the sufferers, rather than a third person, who must otherwise be defrauded.

"On the contrary, if Dodd & Co. did not trust Merchant and brother, investing them with none of the *indicia* of ownership of property, and did not reserve collateral security to indemnify themselves if the property should not be returned, but only hired the property to Merchant and brother, to be by them returned, the plaintiffs will be entitled to recover."

Verdict and judgment for the defendant; new trial refused, and plaintiffs appealed.

*F. W. Chandler*, for the appellant. — Appellants had shown the relation of bailor and bailee to exist between them and the men Wilson and brother, or Merchant and brother, and they had no right to sell the property at all, and B. D. Arnold could not hold the same, even though the purchase from them was *bona fide*, and without notice that the property was appellants'. (Story on Bailments, §§

101, 102, 394, 397, 414, 415; 2 Saund., 47; Story on Sales, §§ 108, 194, 200, 201; 1 Johns., 471; 2 Mass., 378; 8 Ib., 519; 14 Ib., 500; 10 Tex., 344; 6 Wend., 609; 11 Id., 80; 18 La., 585; 13 Id., 460; 20 Wend., 267, and authorities there cited.)

*Nowlin & Herring*, for the appellee.—In Salters v. Everett, 20 Wend., 279, we find the following language: "The other class of cases in which the owner loses his right of following and reclaiming his property is, when he has, by his own voluntary act or consent, given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or, to use the language of Lord Ellenborough, 'when the owner has given such external *indicia* of the right of disposing of his property.' Here it is well settled that, however the possessor of such external *indicia* may abuse the confidence of his principal, a sale to a fair purchaser divests the first title, and the authority to sell so conferred, whether real or apparent, is good against him who gave it."

Now, we respectfully submit to the court, that possession of a mule and buggy, obtained under such circumstances as they were in this case, is such external *indicia* of the right of disposing of them as is recognized by the "common understanding of the world," and by the "custom of trade."

When one of two innocent parties must suffer, he who trusts most and reposes most confidence must suffer most. (13 Wend., 572; 2 Lead. Cas. in Eq., 211; 1 Smith's Lead. Cas., 716; 15 Tex., 418.)

DONLEY, J.—The first point in the charge is hypothetically submitted to the jury, and is erroneous. It is not alleged in any pleading in the cause that appellant intended that the property in the mule and buggy should pass to Mer-

chant and brother in any event, nor is there any evidence
to that point in the record. (Hopton v. Dean, 4 Tex., 455;
McGreal v. Wilson, 9 Tex., 428; Lee v. Hamilton, 12 Tex.,
418; Earle v. Thomas, 14 Tex., 592; Andrews v. South-
wick, 20 Tex., 118.) The remainder of the charge, it is
conceived, is against law, and cannot be sustained.

The good faith of the defendant cannot invest him with
the title to the property if his vendor had no title. The
owner of property cannot be deprived of it except by his
consent.

"The universal and fundamental principle of our law is,
that no man can be divested of his property without his
own consent, and consequently that even the honest pur-
chaser under a defective title cannot hold against the true
proprietor." (Salters v. Everett, 20 Wend., 275; 2 Kent
Com., 324; Wheelright v. Defoyster, 1 Johns., 480; Dawes
v. Baldwin, 8 Mass., 521.)

The judgment of the district court is reversed and the
cause

REMANDED.