## W. E. MAYES v. RUFUS G. BRUTON.

(No. 314, Tex. L. J., vol. 1, p. 206.)

APPEAL from Houston County.   Opinion by ECTOR, P. J.

§ **699.** *Stolen property; right of owner as against a purchaser in good faith.* Bruton owned two mules, one two-horse hack, and a set of double harness.   One Peacock, his hired laborer, sold this property to Mayes, the defendant, who purchased the same in good faith, paying full value for it, and without notice that it belonged to plaintiff.   *Held,* that the good faith of defendant cannot invest him with the title to the property if his vendor had no title.   The owner of property cannot be deprived of it except by his consent.   The universal and fundamental principle of our law is, that no man can be divested of his property without his own consent, and consequently that even the honest purchaser under a defective title cannot hold against the proprietor.   [Saltus v. Everett, 20 Wend. 275; 2 Kent's Comm. 324; Wheelright v. Depeyster, 1 Johns. 480; Dame v. Baldwin, 8 Mass. 521; Dodd & Co. v. Arnold, 28 Tex. 97.]

January 30, 1878.                          Affirmed.

---

## J. C. WOOTERS v. W. J. FOSTER.

(No. 306, Tex. L. J., vol. 1, p. 207.)

APPEAL from Houston County.   Opinion by WHITE, J.

§ **700.** *Two or more instruments about same transaction.* A note dated May 24, 1872, and payable 1st of January, 1873, and a deed of trust executed July 12, 1873, cannot be treated as parts of one and the same transaction.

January 30, 1878.                          Affirmed.