[Opinion delivered March 20, 1882.]

M. C. WELLBORN v. THE ODD FELLOWS BUILDING AND EXCHANGE CO. OF TEXAS.

(Case No. 772.)

1. DEPOSIT OF MONEY IN NAME OF WIFE — SEPARATE PROPERTY. — The mere deposit of money by a husband to the account of his wife, a receipt for the same being taken in her name, does not of itself show that it was intended as a gift to the wife as her separate property.

2. SAME — DEATH OF HUSBAND — RIGHTS OF ASSIGNEE OF WIFE. — The husband having died, leaving a widow and two children, and no other property except a homestead and that deposit, held,

(1) That a party to whom the widow had assigned the receipt showed no right to recover any part of the deposit as against the claims of creditors.

APPEAL from Harris. Tried below before the Hon. James Masterson.

On the 10th June, 1875, John Collins deposited with the Odd Fellows Building and Exchange Company of

Texas (appellee) $500, for which he took their receipt and obligation to pay, in these words, to wit:

"Houston, June 10, 1875.

"Received from Mary Collins five hundred currency dollars, payable on demand, interest at six per cent. per annum.

(Signed)                                  "Edward Haight,
$500.                                  "Secretary and Treasurer."

Mary Collins, mentioned in the receipt, was the wife of John Collins at the date of the receipt, and remained as such until his death. Mary Collins was not present when the deposit was made, nor when the obligation was given, nor did she have any conversation with the bank authorities until after the death of her husband, John Collins.

On the 1st September, 1875, John Collins bought a bill of goods, amounting to $172.75, from Burke, Rich & Co., for Collins & Culbertson; and about the time the goods were being packed up, was asked by one of the members of the firm of Burke, Rich & Co. (Edward Haight), who was also secretary and treasurer of the defendant, how he, Collins, expected to pay for the goods. Collins replied: "You know of the $500 I have deposited with the Odd Fellows Building and Exchange Company of Texas, and if I do not pay the bill within ninety days from this time. (September, 1875), you can take the amount of the bill out of that deposit," and thereupon took the goods. Haight testifies that he would not have let Collins have the goods except on the terms mentioned.

John Collins died about the middle of October, 1875, and was insolvent at the time of his death. He left a widow (Mary Collins) and several small children, and no property except his homestead in Houston and whatever interest he may have had in the claim sued on by plaintiff in this cause. After the death of John Collins his widow transferred the obligation sued on to plaintiff.

On or about January 1, 1876, after the death of John

Collins, Edward Haight, as secretary and treasurer of the defendant, knowing of Collins' death, and without authority except what he derived from the facts above stated, paid Burke, Rich & Co. $172.75, for the goods bought from them by John Collins in September, 1875, as stated.

This suit was brought by the plaintiff against the Odd Fellows Building and Exchange Company of Texas, on the receipt and obligation above set out, to recover the $500 deposited, together with the interest that had accrued thereon. The defendant pleaded in defense the payment made to Burke, Rich & Co., as above set forth, and on the trial in the court below, that court allowed the payment and gave plaintiff judgment for the $500 and interest, less the amount paid Burke, Rich & Co.

A jury was waived, and the cause was submitted to the court. Verdict for the plaintiff for $349.91 and all costs incurred.

The plaintiff appealed, and assigned the following as grounds of error:

1st. The court erred in allowing the credit of $172.75 claimed by the defendant in its pleadings in said cause.

2d. The court erred in refusing to render judgment against the defendant in plaintiff's favor for said sum.

3d. The court erred in refusing to render judgment as prayed for by plaintiff in said cause.

*Garnett & Garnett*, for appellant.

I. It is submitted that John Collins, by taking the receipt and obligation for the money deposited with defendant in his wife's name, thereby donated it to her (see Smith *v.* Strahan, 16 Tex., 315), and the donation constituted the claim her separate property, and he could not afterwards dispose of it without her consent. See Rose *v.* Houston, 11 Tex., 327.

No briefs on file for appellee.

WALKER, P. J. COM. APP.— It is not pretended, on any hand, that the $500 deposited by John Collins with the Odd Fellows Building and Exchange Company of Texas was at that time the separate property of his wife, Mary Collins.   The presumption of law is that it belonged to the community estate of both of them as husband and wife.   Lott v. Keach, 5 Tex., 394; Edrington v. Mayfield, id., 363.   The mere deposit of the money by the husband, to the account and credit of his wife, cannot of itself be deemed a circumstance sufficiently explicit as to determine conclusively that such act was intended as a gift of the money as her separate property, and that it would have the effect as to third persons to alter its character as community into that of separate property.   Mitchell v. Marr, 26 Tex., 329; Houston v. Curl, 8 Tex., 239; Veramendi v. Hutchins, 48 Tex., 531; and see Kirk v. Navigation Company, 49 Tex., 213.   "Property conveyed by deed to the wife pending marriage is presumed to be community property in the absence of evidence that it was paid for out of the separate estate of the wife." Stanley v. Epperson, 45 Tex., 645.

"A transfer by the husband to the wife of his right to the community property can only be done by acts so explicit as to leave no doubt of his intention."   Parker v. Chance, 11 Tex., 513.

And notwithstanding the doctrine laid down in Smith v. Strahan, 16 Tex., 314, "that the *prima facie* presumption arising from a deed of the husband to his wife for the community property is that it was intended to change its character from community to separate property of the wife, and that the deed is effectual against a subsequent purchaser," such a rule applicable to real estate and solemn assurances of title cannot appropriately be applied to the rights of husband and wife growing out of verbal sales, exchanges or gifts of personal property, *especially* where the latter *consists of money.*

See Kendrick *v.* Taylor, 27 Tex., 695, and Bradshaw *v.* Mayfield, 18 Tex., 21.

Held in Kendrick *v.* Taylor, *supra*, " That such transactions between husband and wife will be subjected by the courts to the most rigid scrutiny; and that they will not be sustained unless upon the clearest proof of their validity."

It is of the essential quality of such a gift that the intention and purpose to make it should be well defined. The mere fact that a husband shall deposit a sum of money in bank to be drawn against by the wife, or according to the precise facts of this case, so deposited and a receipt taken in the name of the wife, cannot be deemed a specific appropriation by him of his community interest in the money, and a donation thereof to his wife.

Additional circumstances explanatory of his intention would be essential to give that complexion to the transaction. At the time of the death of John Collins, therefore, the money on deposit with the Odd Fellows Building and Exchange Company of Texas was community property subject to administration as belonging to his estate. All power and authority which had been given to Haight by John Collins to appropriate the money on deposit with the appellee was revoked and ceased to exist at the time of his death. Hall *v.* Robertson, 16 Tex., 472; Cleveland *v.* Williams, 29 Tex., 204.

The plaintiff showed under the evidence no right to recover any portion of said deposit, as against the claims of creditors or the right of an administrator of John Collins to recover the same. See Ansley *v.* Baker, 14 Tex., 607, and Green *v.* Rugely, 23 Tex., 539. It was not error, therefore, for the court to refuse to render judgment for the sum of $172.75.

The appellee makes no complaint against the judgment as the same has been rendered, and, as between

the parties to this litigation, there appears to be no reason why the judgment should not be affirmed.   This action, however, will be without prejudice to whatever rights may exist in other parties not before this court, as they may stand affected as creditors, administrator or heirs of the estate of John Collins, deceased.

The judgment ought to be affirmed.

AFFIRMED.