## GEORGE SCHNEIDER & CO. vs. P. B. & MARY FOWLER.

### COURT OF APPEALS, AUSTIN TERM, 1883.

*Trial of Right of Property—Separate Property.*—Personal property purchased after marriage with the wife's money is her separate property.

*Title—Notice.*—A married woman is not required to give notice of her title to personal property by record, or otherwise, to defeat a levy upon it for the debt of her husband.

*Same—Registration.*—Nor does a failure to register her separate property under the statute in any way affect her title to it.

*Same—Mark and Brand.*—The record of a mark or brand in the county where the stock is found to be is constructive notice of title to the stock in the person whose name the mark and brand is recorded.

Appeal from Fort Bend County.—Opinion by Wilson, J.

This is a trial of the right of property to eighty head of cattle. Schneider & Co. having a judgment against P. B. Fowler, caused an execution to be levied upon these cattle as the property of said P. B. Fowler. Mary E. Fowler, wife of P. B. Fowler, claimed the cattle as her separate property, and gave bond, etc. A trial of the issues resulted in a judgment in favor of the claimant, Mary E. Fowler, establishing her right to the property, etc.

We are of the opinion that it was clearly proved upon the trial that the cattle in question, although purchased after the marriage of the claimant with P. B. Fowler, were purchased with money owned

by her before and at the time of her marriage. This would consti-
tute the cattle her separate property. Where it is established that
property purchased during the marriage was purchased with the
separate money of one of the parties, it remains the separate proper-
ty of the party with whose money it was purchased. McIntyre vs.
Chappel, 4 Tex., 187; Love vs. Robertson, 7 Tex., 8; Rose vs. Hous-
ton, 11 Tex., 326.

Appellants contend that the levy of the execution upon the cattle
created a lien in their favor, which is a superior title to the unrecorded
claim of the claimant, and upon the trial a charge embracing this
view of the law was requested of the court by appellants, and was
refused. In support of the proposition advanced by appellants we
are cited to articles 2318, 4562, 4563 and 4564 of the revised statutes
and to Mercein vs. Burton, 17 Tex., 206; Wallace vs. Campbell, 54
Tex., 37; Grace vs. Wade, 45 Tex., 525; Blankenship vs. Douglass,
26 Tex., 228, and Grimes vs. Hobson, 46 Tex., 417. These authori-
ties we do not consider applicable to the question presented in this
case. Article 2318 of the revised statutes is only applicable where a
sale under execution has taken place. As to the other articles of
revised statutes cited, we can not perceive their applicability to the
facts of this case or what possible bearing they can have upon the
issues involved. In regard to the discussions of the Supreme Court,
cited by appellants, they each of them relate to real estate, and are
based upon statutes concerning that species of property alone. We
do not understand that the principles announced in those decisions
apply to personal property claimed by a married woman. On the
contrary, we think a different doctrine has been established by our
Supreme Court. As we understand the law upon this subject, a
married woman is not required to give notice of her title to personal
property by record, or otherwise, in order to defeat a levy upon it
for the debt of her husband. Nor does a failure to register her sepa-
rate property under the statute in any way affect her title to it.

Edrington vs. Mayfield, 5 Tex. 364.
Parker vs. Willard, 1 Tex. 350.
Gamble vs. Dabney, 20 Tex. 69.
Warren vs. Dickerson, 3 Tex. 460.
Kendrick vs. Taylor, 27 Tex. 695.
Dodd & Co. vs. Arnold, 28 Tex. 97.

But, should it be conceded that to protect the claimant in her title to this property against the lien acquired by the levy, it was necessary for her to prove that plaintiffs in execution at the time of the levy had notice of her title, we are of the opinion that such notice was proved. It was shown that at the time the levy was made the cattle were branded in the brand of the claimant, and that this brand had been duly recorded in the office of the clerk of the county court of the county in which the cattle were found. This record is provided for by law, (R. S., Art. 4556) and it is made the duty of the clerks of the county court to keep a book in which marks and brands shall be recorded, which record is subject to the examination of every citizen, (R. S., Art. 4560) and a recorded brand is evidence of ownership. (R. S., Art. 4561). That this record is notice of ownership is shown by Art. 4574, R. S., relating to estrays, which denies compensation to the taker up of an animal when such animal bears a mark and brand which has been duly recorded in the county. It is true that there is no express provision of the statute declaring that such record shall be notice of ownership, nor do we think that any such statutory enactment is required for that purpose. Upon general principles, whatever is required or permitted by law to be recorded is, when duly recorded, constructive notice of the matters contained therein. We hold, therefore, that the record of a mark and brand in the county where the stock is found to be, is constructive notice of title to the stock in the person in whose name the mark and brand is recorded. We find no error in the judgment of the court below, and it is affirmed.