## Asa Mitchell v. W. J. Marr and others.

No doctrine is better settled than that property purchased during a marriage, whether the conveyance be taken in the name of the husband, or of the wife, or in the joint names of both, is to be deemed *prima facie* to belong to the community.

See this case for circumstances held to be insufficient to rebut the legal presumption in favor of the community, so as to establish a claim of separate property in the wife to lands for which a bond for title was executed in her name during the marriage.

*Quaere*, whether the defence of *bona fide* purchaser for value without notice will avail against title by inheritance, which is by its nature incapable of registration?

Appeal from Bexar. Tried below before the Hon. Thomas J. Devine.

The appellee, Marr, instituted this suit at the Spring Term, 1856, against the appellant, Mitchell, for the recovery of an undivided portion of a lot of ground in the city of San Antonio; and against two minor heirs of John S. Simpson, deceased, for a

---

---

partition of the land sued for, in which they, also, had an undivided interest.

It was admitted that in 1842 the land in controversy was the property of John W. Smith. On the 13th of June of that year, Smith executed to Eugenia C. Simpson, wife of John S. Simpson, his bond in the penalty of fifteen thousand dollars, conditioned for the conveyance to her of title to various tracts of land, and among them to the town lot in controversy. Smith died intestate in 1845, leaving surviving him his widow and five children. The interests claimed by the plaintiff, Marr, were those of three of the children, who were adults and who conveyed their interests to Marr by deeds made in 1854 and 1855.

In 1851, Eugenia C. Simpson, the widow of John S. Simpson, on the strength of the title bond to her from Smith, procured an order of the Probate Court against the administratrix of Smith for the conveyance of title to the lot, which title was accordingly made on the 16th of December, 1851. On the 18th of the same month, Eugenia C. Simpson, by her attorney in fact, conveyed the lot to G. P. Post, who subsequently conveyed it to Mitchell, the defendant.

It was proved on the part of the defendant that in 1842, when the title bond was made by Smith to Eugenia C. Simpson, she had never been to Texas; but that in 1837, her husband was making inquiries about property for the purpose, as he said, of investing money belonging to his wife. It was also proved for the defence that Smith and Simpson were very intimate, the latter being the clerk, boarder, assistant and confidential friend of the former. These circumstances were relied on by the defence as rebutting the presumption that the interests conveyed by Smith to Mrs. Simpson were community property, and as evidence to establish that they were intended for her separate right.

At the Fall Term, 1858, there was verdict and judgment in favor of the plaintiff for the three-fifths undivided interests in one-half of the lot claimed by him, and in favor of the two minor heirs of John S. Simpson for the two-fifths of one-half claimed by them, and for partition between all the parties interested. New trial refused to Mitchell, and he appealed.

Mitchell v. Marr.

*Hewitt & Newton*, for appellant.

*Jacob Waelder*, for appellee.

WHEELER, C. J. On the authority of repeated decisions of this court, it must be held that the property conveyed to Mrs. Simpson, pursuant to the bond for title by Smith to her of the 13th of June, 1842, was community property. No doctrine is better settled than that property purchased during the marriage, whether the conveyance be in the name of the husband or the wife, or in the joint names of both, is to be taken *prima facie* to belong to the community. (Higgins v. Johnson, 20 Tex. R., 389, 394 ; Huston v. Curl, 6 Tex. R., 239.)

We see nothing in the evidence in this case to rebut the ordinary presumption, or take it out of the general rule. Neither the absence of Mrs. Simpson from the country at the time, nor the relations existing between her husband and the vendor, can have that effect upon any principle which has been recognized by this court. Though it appears from the conversation of the husband detailed by the witness Lewis, that the former may have had it in contemplation at one time to purchase property with the wife's separate funds, there was no evidence that the property in question was so purchased. There is, in a word, nothing to rebut the presumption of law that the property was community property. There was, therefore, no error in the charge of the court. There was no evidence to warrant the court in submitting to the jury any question of intention to vary the legal import of the bond for title and the conveyance to the wife.

It is insisted by the appellant that he is entitled to the protection of a *bona fide* purchaser, without notice of the title of the plaintiffs. This point was made by counsel in the case of Wilkinson v. Wilkinson, (20 Tex. R., 241,) but was not noticed in the opinion of the court, or sustained by the judgment. If the doctrine can be invoked in any case to defeat the title of an heir, whose right to his ancestor's estate not being evidenced by writing is not susceptible of registration, it cannot avail the appellant in this case. There is no evidence that he paid the purchase money.

(23 Tex. R., 443.) Moreover, his deed recites the bond for title, pursuant to which it was made, which was recorded and which discloses that at its date the vendee, Mrs. Simpson, was a married woman, the wife of John S. Simpson, whose estate the plaintiff claims. The defendant is thus affected with notice of the plaintiff's title.

There is no error in the judgment and it is affirmed.

Judgment affirmed.