MARY A. AND ROBERT S. KIRK v. THE HOUSTON DIRECT NAVIGATION COMPANY.

COMMUNITY PROPERTY — PURCHASERS — MARITAL RIGHTS. — The purchaser from the husband of land acquired during marriage, the deed to which is made to the wife, is not thereby put upon inquiry as to any equity she might have in respect to it, but is protected, if he buys in ignorance of her claim to it as separate property. The rule is otherwise, if the recitals in the deed show that the consideration paid was the wife's separate estate, or that the purchase was designed for her separate benefit.

ERROR from Harris.   Tried below before the Hon. James Masterson.

. The Houston Direct Navigation Co. brought suit against Robert S. Kirk, the husband of Mary A. Kirk, on a moneyed demand, and to foreclose a mortgage executed by him alone on the 16th of September, 1872, on lots 4, 5, and 6, in block 289, on the north side of Buffalo bayou, in the city of Houston.   The husband, after pleading to the merits, admits the making of the mortgage by him, but averred he was then, and yet is, a married man, and that the mortgaged premises were purchased and paid for with the separate means of his wife, and for the purpose of a homestead for himself and family; that his family are now, and were before the institution of this suit, occupying and enjoying said lots as a homestead, as citizens of this State, and that said lots were of value less than $5,000 at the time of their designation as a homestead; that his wife did not join in the execution of the mortgage, and he had no other homestead.

At the same time, the wife, Mary A. Kirk, intervened by leave of the court, alleging her citizenship and marital relation, and that the lots named in the mortgage were her separate property, bought and paid for alone with her separate means, long prior to the pretended indebtedness of her husband to the plaintiff below.   She further averred that the property is and was the homestead of her family "from the — day of ——,

1872," and was not of the value of $5,000 at the time of its designation as such, and that she did not join her husband in the execution of said mortgage. Wherefore she asked that it be declared void, as a cloud upon the title of her separate property, as well as upon the homestead of her family and self.

The lots in controversy were conveyed to Mary A. Kirk by F. B. Chilton, 17th of June, 1872; the consideration purported to be paid by her, and her deed was of record at the date of the mortgage sought to be foreclosed. The testimony shows that the money paid for the lots was her separate property, and this testimony went to the jury without objection.

On this testimony, the court, among other things, charged the jury as follows: "The mere fact of the title standing in the wife's name is not notice of its separate character; and any one advancing money upon the security of such property, or purchasing it, will take a good title, unless the proof shows notice to such person so taking a mortgage and making advances, or purchasing." To this portion of the charge, intervenor Mary A. excepted, and requested the court to charge the jury as follows: "If the jury believe, from the evidence, that the mortgaged lots were in fact paid for out of the separate funds of the said Mary A., then you will find for her the mortgaged property." This the court refused to give, and intervenor excepted. There were verdict and judgment for the plaintiffs below, separate motions for new trial made by both wife and husband, which were overruled, and notice of appeal given by both defendants.

The errors assigned by intervenor were: 1. In the charge of the court as shown in bill of exceptions. 2. In refusing to charge, as requested by intervenor, as per bill of exceptions. 3. In overruling intervenor's motion for new trial.

And by defendant, the husband: 1. In rendering judgment of foreclosure. 2. In overruling his motion for new trial.

The testimony shows that the husband came to Texas in

the spring of 1872, with the purpose of making this State his home, and has resided here ever since; that he brought his family early in October of that year; and that from thence he and family have been occupying the lots in controversy as a homestead, owning no other land in this State.

*Baker & Botts*, for plaintiff in error, argued, that Cooke *v.* Bremond, 27 Tex., was not in point; that when a deed is taken in the wife's name, the presumption that it belongs to the community is only *prima facie*.

*Crosby & Hill*, for defendant in erorr.

GOULD, ASSOCIATE JUSTICE.—Regarding the question presented by plaintiffs in error as fully settled by former adjudications, we deem it sufficient to refer to the cases cited in Veramendi *v.* Andrews *et al.*, 48 Tex., 531, and to the case of Cooke *v.* Bremond, 27 Tex., 457, which last is directly in point. A reference to the opinion in Cooke *v.* Bremond will show that it was decided on the ground that the purchaser from the husband of land acquired during marriage, by deed of bargain and sale taken in the name of the wife, is not thereby put upon inquiry as to any equity she may have in respect to it, but is justified and protected, if he innocently buys it as community property. The decision was not placed on the ground that it was inadmissible to prove a different consideration than that recited in the deed, but upon the broad ground that the deed could not be modified by evidence ingrafting on it a trust to the detriment of an innocent purchaser. It is scarcely necessary to say, that if there were any recitals in the deed showing that the consideration was the wife's separate estate, or that the conveyance was designed to be for her separate benefit, the rule would be different.

The judgment is affirmed.

AFFIRMED.