## J. C. HAMILTON v. RICHARD FLUME ET AL.

(No. 330.)

PARTITION — PARTIES.— In suits for partition all persons interested should be made parties.

GUARDIANS.— Guardians *ad litem* appointed by the court to represent minors should be sworn and bonded.

MORTGAGE, WHEN A SALE.— If debt is not canceled it is held a mortgage, whether the grantee so regard it or not.

ERRORS.— Fundamental errors, whether excepted to or not, cause for reversal.

APPEAL from Travis county. Opinion by QUINAN, J.

STATEMENT.— This was a suit for partition of a lot in Austin, of which Hamilton claimed to be the owner of one-half, against Richard Flume and others, children of Mrs. Klenart, deceased, alleged to be owners of the other half.

The defendants were minors, a guardian *ad litem* was appointed for them, and they answered, claiming that they owned seventeen-twentieths of the lot, and that the conveyance under which Hamilton claimed the lot from Klenart was only intended as a mortgage. On the trial the judge submitted special issues to the jury, to which they responded:

1. That the deed from Klenart to Hamilton was a mortgage. 2. That the separate interest in the lot of Amelia Klenart was seventeen-twentieths and the interest of Henry Klenart three-twentieths. 3. That Hamilton had notice of the separate interest of Amelia Klenart when he received the deed from Klenart. 4. That the consideration of the deed was a pre-existing deed from Klenart to Hamilton.

Upon this verdict judgment was rendered that Hamilton take nothing by his suit and that the defendants be forever quieted in their claim to seventeen-twentieths of the lot against Hamilton. From this judgment this appeal is prosecuted. There are several errors assigned: 1. That the court erred in permitting Henry Klenart to testify. 2. The remaining assignments question the sufficiency of the testimony to warrant the verdict and judgment.

OPINION.— 1. It is to be observed that Henry Klenart was not made a party to the suit; that the minors were represented by a guardian *ad litem*, appointed by the court, not bonded or sworn. No exception, however, was made on this account in the court below, nor is it assigned for error. On either grounds we have concluded that the judgment ought to be reversed.

2. The judgment is manifestly erroneous. It is not easy to perceive what the question, whether Klenart's deed to Hamilton was an absolute deed or intended as a mortgage, had to do with the case before the court, or what interest the minors defendant had in its determination. Still less can we perceive by what right they set up for Henry Klenart a claim which he did not set up for himself. He did not intervene in this suit. And so far as, in a legal way, the fact can be noticed, he is content that the deed to Hamilton shall rest, as it purports to be, absolute.

If it be admitted that the deed was a mortgage, then Klenart, being the owner of the fee, was a necessary party to any suit in which his interest or share in the lot was determined, and the adjudication of seventeen-twentieths to the minors in this case, in a suit to which he was not a party, was necessarily not merely erroneous but a nullity. If Klenart's interest in the lot was three-twentieths, and he had conveyed that to Hamilton, and Klenart himself is not here impeaching that conveyance and praying that it be declared a mortgage, obviously Hamilton was entitled to recover that three-twentieths.

For the reasons given the judgment must be reversed. But it may be useful, in view of what may present itself on another trial, to say:

1. That there is no proof here that Hamilton had any notice of Mrs. Klenart's separate interest in the property. The law presumes it to be common property, and the only presumption to be drawn from the fact that the deed to Klenart was also to his wife was that the property was community. Cooke *v.* Bremond, 27 Tex., 458; Kirk *v.* Navigation Co., 49 Tex., 213.

2. That the deed from Klenart to Hamilton may be shown, though absolute upon its face, to have been intended as a mortgage is unquestionable. But the proof to that effect ought to. be very clear, certain and explicit. Moreland *v.* Barnhart, 44 Tex., 282. The testimony of Klenart, the grantor, alone is not sufficient to establish that fact. He is, to be sure, a competent witness, but his testimony should be received with many grains of allowance. He should be corroborated by other witnesses, or strong and cogent circumstances. It is not necessary that we should express any opinion upon the sufficiency of the proof in this case. The testimony was conflicting, but that would not prevent the jury from finding one way or the other, as they might credit the witnesses. Had they inclined to credit the statements of Klenart rather than those of the opposing parties' agent, it cannot be doubted that there were some circumstances of corroboration in the proof. The fact that Hamilton held a note of Klenart and wife, and a deed of trust to secure it upon the whole lot, and that he continued to hold them after the execution of this deed of Klenart, which, it was alleged, was the consideration for it and made to take up that debt; that Klenart remained in possession of the property, paying rent, $12.50 a month, which seems to be about the interest at one per cent. a month on the debt, as Klenart says, and the further fact that when some time after the execution of the deed Hamilton and Klenart unite in a lease of the premises to

Helton at $50 a month, the whole rent is made payable to Hamilton, are altogether consistent with the idea of a continuing subsisting debt. Indeed, we cannot well see how this last circumstance can be explained on any other hypothesis. If Hamilton owned, in good faith, but half the property, why should the whole rent be paid to him?

Again, the note of Klenart and wife continued in the possession of Hamilton's agent. When produced at the trial it is marked across the face canceled, but when that was done the party in whose possession it was was wholly unable to state. But the deed of trust is not canceled, nor is anything put on record to show that it was not still an incumbrance on the property.

It is said the test to determine whether the conveyance is a sale or a mortgage, in cases of this sort, is to be found in the question whether the debt was discharged by the conveyance. If the debt be not canceled equity will regard the conveyance as a mortgage whether the grantee so regard it or not. Jones on Mortgages, 267, 273.

REVERSED AND REMANDED.