[Opinion delivered May 3, 1880.]

---

## J. Z. LINN ET AL. v. R. S. WILLIS.

(Case No. 3661.)

1. PLEADING — FAILURE OF CONSIDERATION.— A plea of failure of consideration in a suit to foreclose the vendor's lien on notes given for land, which alleges that defendant had been evicted from the land and repudiated the title "on the ground that the land conveyed to him in consideration therefor was not conveyed by good and sufficient title, and he has thereby lost the same and been evicted," without allegations as to the invalidity of the title or offer to surrender his deed, or make the adverse claimant a party to the suit, is insufficient. 28 Tex., 272; 19 Tex., 260; 10 Tex., 65; 29 Tex., 267; 20 Tex., 211.

2. PARTIES.— The wife is a proper party to a suit on a note given by the husband and wife for the purchase money of property, and to the decree foreclosing the vendor's lien thereon; but it is error to render judgment against her for the debt or costs, when there was nothing to create a liability on her separate estate.

3. PRESUMPTION — COMMUNITY PROPERTY.— The presumption is that all property in the name or apparent possession and ownership of either husband or wife is community property, and the holder of a note payable to a married woman, transferred by the husband in due course of trade, without notice that it was in fact the wife's separate property, takes a perfect title thereto.

4. SAME.— Property in the name or possession of either husband or wife is *prima facie* community property, and third persons, in ignorance of the separate interest of the wife in it, will be protected in acting upon that presumption. 26 Tex., 320; 15 Tex., 283; 7 Tex., 9.

5. SAME.— The purchaser from the husband of land, the deed to which is made to the wife, is not thereby put upon inquiry as to any equity she might have in respect to it, but is protected if he buys in ignorance of her claim to it as separate property. 49 Tex., 213; 27 Tex., 457.

6. PROMISSORY NOTE — PRESUMPTION AS TO INDORSEMENT.— In the absence of proof to the contrary, the indorsement of a note, in presumption of law, is contemporaneous with the making of it, and the defendant must prove that it was indorsed after it was due, if he would set up defenses which he might make against the payee. 14 Tex., 355.

APPEAL from Ellis.    Tried below before the Hon. Nat. M. Burford.

The facts are stated in the opinion.

*A. A. Kemble*, for appellants.

*Ferris & Rainey*, for appellee.

WALKER, P. J.— The appellee, surviving partner of P. J. Willis & Brother, brought suit against J. Z. Linn and Mary C. Linn as makers, and J. W. Kemble as indorser, of a certain instrument of writing as follows, viz.:

"ELLIS COUNTY, TEXAS, July 2, 1867.

"For value received, I promise to pay J. W. and C. E. Kemble, or bearer, one thousand dollars, with interest from date, in ten annual instalments, this being the consideration of two tracts of land this day deeded to me by them.

          (Signed)                    "J. Z. LINN,
                                       "MARY C. LINN.

(Indorsed on reverse side), "J. W. KEMBLE."

The petition alleges that J. W. Kemble and C. E. Kemble are husband and wife, and were such at the execution and the delivery of the note; alleges that said payees conveyed the land described in the petition to the defendants, J. Z. and Mary C. Linn, reserving the vendor's lien, and that this note was given as the price for said land; that J. W. Kemble indorsed, transferred and delivered the note to the plaintiff for a valuable consideration, before the same became due, and in the due course of trade. Plaintiff prays for judgment for the amount due, with interest, and for a foreclosure of the vendor's lien, with decree for sale of the land. The petition was filed August 25, 1875.

The defendants pleaded in their substituted answer, filed May 20, 1876, that C. E. Kemble, one of the payees of the note sued on, and who was the wife of J. W. Kemble, did not indorse the same, and claims the same as her separate property, and has notified them not to pay it to plaintiff; that she was a married woman when the note was executed, and when it was passed to the plaintiff; that she never consented to said transfer, nor did she know of the same until the commencement of this suit; that they will be liable to pay the debt twice, if the plaintiff recovers in this action. They allege that the note was passed to plaintiff after the maturity of the several instalments sued on; and that the plaintiff took the same as collateral security to secure a claim against said J. W. Kemble's estate. They also pray that C. E. Kemble and J. H. Pierce, executors of the will of J. W. Kemble, be made parties to this suit, and that the legal rights of all parties interested be adjusted.

On the 11th of May, 1876, the defendants filed an amended answer. The defendants set up as a defense, in said amended answer, the failure of the consideration of the note, in this, "that the land mentioned in the petition did not belong to J. W. and C. E. Kemble at the time of their conveyance to these defendants by good and perfect title; but that the title to the same, in the greater part, to wit, two-thirds conveyed to them by P. H. Stephens, long since the execution of the note sued upon, is repudiated by the

said P. H. Stephens, on the ground that the land conveyed to him in consideration therefor was not conveyed by good and perfect title, and he has thereby lost the same, and has been evicted. They therefore say that they are liable to be evicted in their title, and that said Stephens threatens to bring suit to recover said two-thirds interest in said land." That in case of eviction the estates of J. W. Kemble and C. E. Kemble are unable to respond in damages on their said warranty. The answer alleges that they paid to said J. W. Kemble the full value of the same, and greatly more than it is worth, in case of eviction, as to two-thirds of the same.

The plaintiff filed on the 12th of May, 1876, a demurrer to the answer and amended answer. The record shows the existence at that date of no other answer than the answer filed May 11, 1876, setting up the defense of failure of consideration. The demurrer was sustained, and leave granted defendants to amend. The answer filed May 20, 1876, recites that it is a substitute for the answer which has been lost. There is some confusion in respect to the extent of the ruling of the court sustaining the demurrer, as the entry recites, and refers to the defendants' "amended answer," and no such pleading of that date (May 12, 1876) appears in the record, nor can we determine that the answer filed as a substitute answer May 20, 1876, was in substance the same paper as that referred to in the order of the court, nor does it appear whether said substituted answer, after its filing, was recognized as an answer in the case which had not been excepted to by the plaintiff, nor ruled on by the court. Evidence was admitted which would have application to the matters of defense set up in it, and the evidence would be alike applicable to the plea of C. E. Kemble, intervenor, thereby causing even greater doubt in respect to the identity of the answer thus ruled on by the court.

C. E. Kemble, under leave of court, filed her plea of intervention May 19, 1877, alleging that she had never transferred nor authorized such disposition to be made of the note sued on; that the land for which the note was given

was her separate property, and that she has received no benefit from said transfer; that the said note is held by the plaintiff, not as owner, but only as collateral security for some claim upon which J. W. Kemble was or was supposed to be liable to the plaintiff; that said obligation is unpaid, and one-half the amount and interest is due and owing to her from the defendants, and she prays judgment for the same.

The plaintiff replied that R. S. Willis and brother (the plaintiff sues as surviving partner) became the holders and owners of the note, not only by transfer of the same by J. W. Kemble, but also by delivery to them for a valuable consideration before the same became due, and in the due course of trade; and that, if the same was taken as collateral security, it was for a precedent debt and for a valuable consideration, and that they received the same in due course of trade before the same became due, and without notice of an opposing claim, and that the same is not subject to any equities in the hands of third parties. The cause was submitted to the court without a jury, and judgment was rendered for the plaintiff against the defendants J. Z. Linn and Mary C. Linn for $995.70, with ten per cent. interest thereon, decree of foreclosure and order of sale of the land, and in case proceeds of the sale are insufficient to pay the debt, interest and costs, that "execution issue for the balance unpaid."

From this judgment the defendants J. Z. Linn and Mary Linn appeal and assign as errors:

1. Sustaining plaintiff's demurrer to defendants' answer and amended answer.

2. That the court erred in rendering judgment in favor of plaintiff against these defendants for any amount.

3. In rendering judgment against these defendants and ordering sale of the land for the whole of the debt not barred, one-half of the same belonging to the intervenor.

4. In rendering judgment for $100 in excess of the amount due, and in rendering judgment to bear ten per cent. interest, the obligation sued on bearing but eight per cent. interest.

The intervenor, C. E. Kemble, likewise appealed, and assigned as errors that the court erred:

1. In rendering judgment against the land in favor of the plaintiff for the whole of the debt not barred by limitations, and refusing to render judgment in favor of this intervenor for one-half of the same.

2. In refusing to render judgment in her favor for the amount of one-half the note sued upon.

In respect to the assignment of error which questions the ruling of the court upon the answer and amended answer of the defendants, if it is to be referred to the answer which set up a partial failure of consideration, there was no error in the action of the court. That answer was as fatally wanting in allegations of substantive, essential, material facts, requisite to constitute such a defense, as it was defective in the vague, uncertain and indistinct manner in which it dimly shadowed forth those facts which were alleged. The defense, which was indicated by that answer, seemed to consist in the fact that Stephens' title to lands, which he had received as the consideration for the tract which he had conveyed to J. W. Kemble and wife, had failed, and that therefore he was entitled to evict the defendants, the vendees of said Kemble and wife. The reverse result would be quite as compatible with the facts thus stated, as that he would be entitled to recover the land he had thus conveyed, especially so if the defendants acquired their title without notice of any equities of said Stephens, and had paid a valuable consideration. The answer did not allege that Stephens received said land in ignorance of defects in the title, nor did it state any fact, or allege any fraud, upon which he would be entitled, on failure of the title he had obtained, to rescind the contract under which he had conveyed the land which the defendants acquired by conveyance from Kemble and wife. The defendants do not directly aver that the title of Stephens to the lands from which he was evicted was invalid, but that he has been evicted, and now repudiates the title he has conveyed "*on the ground* that the land conveyed to him in consideration therefor was not conveyed by good and per-

fect title, and he has thereby lost the same and has been evicted." Such an allegation is not equivalent to, nor will it dispense with the necessity of the defendants, who assert by implication only its invalidity, to do so directly, and to maintain it by evidence. They do not offer to surrender the possession of the land, nor to make Stephens a party to the suit, in order that the rights and equities of all the parties may be adjusted.

The answer was manifestly insufficient. Lemon v. Hanley, 28 Tex., 222; Cooper v. Singleton, 19 Tex., 260; Brock v. Southwick, 10 Tex., 65; Demaret v. Bennett, 29 Tex., 267; Cook v. Jackson, 20 Tex., 211.

So far as concerns the remaining defense embraced by the answer, if the demurrer can be supposed to have operated upon it, that action ceased to have any significance after Mrs. C. E. Kemble intervened in the suit and pleaded thereto. She having voluntarily become a party to the litigation, a judgment which determined her rights and claim to the ownership of the note would be conclusive against her and those privy in estate with her, to protect the defendant against a second recovery.

The principal question in the case is whether the transfer of the note sued on, to the plaintiff, by the husband, in the due course of trade, without notice that it was in fact the wife's separate property, would invest the plaintiff with a valid title to the note. The holder of such a note, though acquired from the husband, if with notice of the wife's title to it, would acquire no title to it. Rose v. Houston, 11 Tex., 326; Hamilton v. Brooks, 51 Tex., 145.

But where the holder, who thus acquires the note from the husband in due course of trade, has no such notice, it seems to be settled that the ordinary presumption, that all property in the name or apparent possession and ownership of either of the spouses is community property, will exist no less in the case of a note payable to the wife or bearer, or to the husband and wife or bearer, than to other species of property. This is the doctrine laid down in the case of Hemmingway v. Matthews, 10 Tex., 207. It is *prima facie*

community property, and third persons, in ignorance of the separate rights of the wife in it, will be protected in acting upon that presumption. Mitchell v. Marr, 26 Tex., 329; Chapman v. Allen, 15 Tex., 283; Love v. Robertson, 7 Tex., 9.

The purchaser from the husband, of land acquired during marriage, the deed to which is made to the wife, is not thereby put upon inquiry as to, any equity she might have in respect to it, but is protected if he buys in ignorance of her claim to it as separate property. Kirk v. Navigation Co., 49 Tex., 213; Cooke v. Bremond, 27 Tex., 457.

The answer of defendants, nor that of the intervenor, alleged, nor was there evidence to prove, that the plaintiff obtained the note with notice of the equities of Mrs. C. E. Kemble, or that the firm of P. J. Willis & Brother obtained the same otherwise than in the due course of trade. The note was payable to "bearer," and was, besides, indorsed by J. W. Kemble, the husband of Mrs. C. E. Kemble. Under these facts, upon the authorities which we have cited, it must be held that the plaintiff has a right to sue on and recover upon the note. That the holder of a note, transferable by delivery, or, if payable to order, indorsed in blank, is *prima facie* its owner and holds it on valuable consideration, is a principle not to be questioned. Weathered v. Smith, 9 Tex., 625. If a note be indorsed in blank, the possession is *prima facie* evidence of a good title. Ross v. Smith, 19 Tex., 172. In the absence of proof to the contrary, the indorsement of a note, in presumption of law, is contemporaneous with the making of it; and the defendant must prove that it is indorsed after due if he would set up the defenses which he might make against the payee. Watson v. Flanagan, 14 Tex., 355. There is no evidence showing when the note was transferred to the plaintiff. Mrs. C. E. Kemble testified that she did not hear of its being transferred until shortly before her husband's death in the summer or fall of the year 1875. If the intervenor were entitled to protection in recovering back the note from the plaintiff, under the qualification of the rule of law applicable to negotiable in-

struments, that to defeat her equities the plaintiff must have obtained the note previously to its being due, still, under the legal effect and presumption arising from the indorsement and possession of the note, establishing, until rebutted, the fact that it was transferred before maturity, under the evidence in the case, the plaintiff must be treated as having thus purchased or acquired it before, and not after, maturity. If the facts had been otherwise, it devolved upon the intervenor or upon the defendants to have repelled the inference that it was transferred contemporaneously with its execution, by evidence to the contrary, and the record does not supply it. But the merits of the case do not require the application of this artificial rule which is peculiar to the law of negotiable instruments; the right of the plaintiff to recover rests securely on broader ground,— that which entitled him, in the absence of notice that the note belonged to the wife as her separate property, to regard it, and deal with the husband in respect to it, as though it were property belonging to the community, which he had a right to dispose of.

The note bore only the legal rate of interest, and the judgment was rendered on the basis that it bore ten per cent. interest, and the judgment was accordingly so rendered, and to bear ten per cent. interest until paid; besides, the judgment is rendered for the amount thereof against the wife as well as the husband, and there is no basis laid in the petition as a proper predicate for the rendition of a judgment against her on the note. Such a judgment is erroneous. It is such an error as should properly be noticed, whether assigned or not. Lynch v. Elkes, 21 Tex., 230. The note was simply one made and signed by the husband and wife, and there is no pretense that it was a contract which created a liability on her separate estate to discharge; and yet the effect of the judgment is thus to render it liable. Howard v. North, 5 Tex., 299, 300.

There is no sufficient ground for a reversal and remanding of the cause for further proceedings; there is such error, however, as to require that the judgment be reformed, and

such judgment rendered by the supreme court as ought to have been rendered by the district court, and the same shall be awarded accordingly, to the effect that the judgment be rendered as of the day in which the same was entered in the district court for the amount due, and which was not barred by limitations at the institution of the suit, together with the amount which was declared on by amendment as falling due after the institution of the suit, at the rate of eight per cent. interest on the respective instalments paya-- ble annually from the date of the instrument, said judgment to bear the same rate of interest; and that the judg- ment be further reformed so as to be rendered against said J. Z. Linn alone for the said sum of money thus ascertained to be due and for costs of suit, and against both said J. Z. Linn and his wife, Mary C. Linn, in respect to the foreclosure of said lien and the enforcement thereof by the order of sale, and that the costs of this appeal be adjudged against the appellee.

REFORMED AND RENDERED.

[Opinion delivered May 3, 1880.]