[Opinion delivered May 17, 1880.]

1p 247
1p 353

M. ROE v. D. DAILEY ET AL.

(Case No. 3589.)

1. PETITION — INJUNCTION.—If the equities of a bill for injunction are fully answered by the defendant so as to entitle him to ask a dissolution of the injunction, the petition should nevertheless be continued over for trial, if it discloses a good cause of action. Fulgham *v.* Chevallier, 10 Tex., 518; Dearborn *v.* Phillips, 21 Tex., 448; Floyd *v.* Turner, 23 Tex., 292; Houghton *v.* Berry, 3 Tex., 235; Eccles *v.*

Daniels, 16 Tex., 136; McDonald v. Tinnon, 20 Tex., 243; High on Inj., 885.

2. INJUNCTION.— Where the plaintiff's title is derived through a married woman, the conveyance to her having been made during the marriage, if it was in fact her separate property, injunction will lie to restrain a sheriff's sale thereof under a judgment against the husband, because the law presumes it to be community property, and subject to the payment of the husband's debts, and the sheriff's sale would cast a cloud upon the title, the invalidity of which could only be shown dehors the record. Huston v. Curl, 8 Tex., 239; Mitchell v. Marr, 26 Tex., 320; Smith v. Boquet, 27 Tex., 512; Dunham v. Chatham, 21 Tex., 244; Kirk v. Navigation Co., 49 Tex., 213; High on Inj., secs. 270, 272.

APPEAL from Dallas. Tried below before the Hon. Z. Hunt.

The opinion states the case.

*Ramsey & Helm* and *Cabell & Edwards*, for appellant.

*R. W. Goldthwaite*, for appellees.

WALKER, P. J.— The appellant instituted his suit against the appellees to enjoin the sale of three certain city lots contiguous to each other, under an execution in favor of appellee D. Dailey, against one Pleasant Taylor, issued and levied on said lots as the property of said Taylor, to satisfy a judgment in the district court of Dallas county in favor of said Dailey against said Taylor, rendered in July, A. D. 1874. The petition alleges that said lots were acquired by conveyances made in pursuance of purchases made by the appellant from Mrs. Nancy P. Taylor, the wife of said Pleasant Taylor, of one of the lots, and from one Aunspaugh, the vendee of said Mrs. Taylor, of the other two lots, in good faith and for a valuable consideration, by deeds duly recorded, at dates and periods subsequent to the date of said judgment; that said Nancy P. Taylor acquired the said lots by purchase with her separate individual means, at the price of $400, by deed of conveyance made to her on the 30th day of September, A. D. 1872, and duly recorded in said county on the next succeeding day; that she went into the posses-

sion of the same, using, enjoying and receiving the rents, revenues and profits of the same until the sale to the plaintiff; that the said lots were her separate property, and that her husband never had any interest in the property; and that petitioner, relying upon his title, has placed valuable and lasting improvements on the lots, which have greatly enhanced their value. The petition alleges that the threatened sale thereof, under said levy, will create a cloud on his title, and cause him irreparable injury, and will disturb him in the quiet enjoyment of his property, and that the sale, if so made, will cause his property to greatly depreciate in value, and will prevent him from alienating it for its fair value until said cloud could be removed; whereas said property has hitherto constantly increased in valuation from the time of his purchase up to the time of filing his petition. The petition was sworn to by petitioner directly as to matters stated of his own knowledge, and as to his belief in respect to those facts alleged on information of others; in addition thereto, was attached the affidavit of Mrs. Nancy P. Taylor, which stated that the property was purchased with her own means from William Wolf, and that it was her separate property. The writ of injunction prayed for was granted.

The defendant, Dailey, filed an answer to the merits, consisting of a demurrer, and an answer to the facts sworn to, and supported by several affidavits of other persons; the plaintiff also filed several counter-affidavits of a like character.

The defendant filed, also, a motion to dissolve the injunction and to dismiss the bill on numerous grounds; they involve, however, the questions as to the sufficiency of the bill to entitle the plaintiff to the remedy of injunction, and whether the answers of defendant have met and answered the equities of the bill, and they need not be enumerated.

It does not appear that a jury was waived and the cause submitted to the judge, but that the cause was disposed of finally on the hearing of motion to dissolve and dismiss. The motion was sustained, the injunction dissolved and the

cause dismissed. The judgment recites that the affidavits in support of the motion were heard in connection with the motion on its hearing, but it does not appear from the record that the parties agreed to submit the issues of fact to be determined on the affidavits by the judge, in the place of a trial of the merits of the case. There is no statement of facts nor bill of exceptions in the record.

The plaintiff appealed, and assigns as error the action of the court in dissolving the injunction, dismissing the petition, and in not retaining the cause for final trial upon its merits.

If the equities of the bill for injunction were fully answered by the defendant, so as to entitle him to ask a dissolution of the injunction, nevertheless, the petition should, if it disclosed a good cause of action, have been continued over for trial. Fulgham v. Chevallier, 10 Tex., 518; Dearborn v. Phillips, 21 Tex., 448; Floyd v. Turner, 23 Tex., 292. Or, if the plaintiff's petition were defective, he was entitled to amend and present such facts as would entitle him to a decree on the trial upon the merits. Houston v. Berry, 3 Tex., 235; Eccles v. Daniels, 16 Tex., 136; McDonald v. Tinnon, 20 Tex., 245.

"It is erroneous to dismiss the bill upon dissolving the injunction, and complainant has the right to proceed to a final hearing of the case as if no injunction had been prayed or granted." High on Inj., sec. 889. But where the injunction is dissolved upon a ground which in its nature is such as to show that it was granted for a cause which did not warrant the remedy sought, and the petition contained no other cause of action to require the cause to be returned on the docket, the dismissal would probably follow the dissolution. Gibson v. Moore, 22 Tex., 616. It follows from these propositions that unless the petition failed to state a cause of action, or failed to state facts upon which, by amending the petition, a good cause of action might be based, the court erred in dismissing the plaintiff's petition.

It would appear from the briefs and arguments of counsel that the case had been determined in the district court from

the application to the motion of the rules of law propounded in the case of Carlin *v.* Hudson, 12 Tex., 202. We conceive the merits of the plaintiff's action do not depend upon the principle of law therein asserted by our supreme court, but rest upon his right to prevent by injunction a cloud being cast upon his title; concerning which head of remedial and preventive justice Mr. High says: "The prevention of a cloud upon title is a salutary branch of the jurisdiction of equity, recognized by all the authorities and founded upon the clearest principles of right and justice." High on Inj., sec. 269. The application of the doctrine to a fitting case is presented in that which is made by the plaintiff's petition. The character of title which the purchaser at sheriff's sale under the levy in question would acquire, under the various tests which determine whether it would be such as to constitute a cloud, and entitle the true owner to the remedy of injunction whereby to prevent it, is apparent. Thus, the plaintiff's title is one which is derived through a married woman; the conveyance to her was made during the marriage, and notwithstanding it was duly recorded it is presumed by the law to belong to the community, and to be subject to the payment of the husband's debts. Huston *v.* Curl, 8 Tex., 239; Mitchell *v.* Marr, 26 Tex., 329; Smith *v.* Boquet, 27 Tex., 511; Dunham *v.* Chatham, 21 Tex., 244. Nor is a purchaser from the husband put upon inquiry as to any equity she might have in respect to it, but is protected, if he buys in ignorance of her claim to it as her separate property. Kirk *v.* Navigation Co., 49 Tex., 213. And so the judgment of the defendant against Pleasant Taylor ostensibly took a lien upon the lots, and the title of the purchaser at sheriff's sale would apparently have been good against the vendee of Mrs. Taylor, who (the vendee) acquired title subsequently to the date of the lien. Supposing the property to be in fact the separate property of Mrs. Taylor, and therefore not subject to the judgment, and that it had no lien on the lots as is alleged, and admitted by the motion for the purposes of this question, it follows that the plaintiff holds a perfect title against one

which is apparently better, but is only apparently so. Thus is cast upon a good title a cloud, and the invalidity of the title acquired at sheriff's sale can only be shown by evidence *dehors* the record. In that state of case equity grants relief. High on Inj., sec. 272. If the invalidity of the title was apparent on its face the reverse of that rule obtains, and equity will not interpose. Id., sec. 272.

"It has been held that if the sale which it is sought to restrain is such that in an action of ejectment, brought by the purchaser under the sale, the real owner of the property would be obliged to offer evidence to defeat a recovery, then such a cloud would be raised as to warrant the interference of equity to prevent the sale." High on Inj., sec. 270, citing Pixley *v.* Huggins, 15 Cal., 127.

Evidently such a rule applies to the facts of this case; and the necessity for equitable relief seems to be a corollary from the adverse legal presumption which the law allows in respect to the rights of the wife to her separate property, whenever their proper vindication against it requires the remedy to be invoked.

It is competent, of course, to permit the vendee of the wife to show, in support of his title, the true character of hers, and therefore to establish, if he can, that it was her separate property, and that there was no lien upon it created by the defendant's judgment.

We conclude, upon the whole case, that there was error in the judgment of the district court, and determine that the same shall be reversed and the cause remanded.

REVERSED AND REMANDED.